**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICKEY ROGERS,

      Plaintiff - Appellant,

v.

RAY E. HOLT, Warden; W. CLARK,
Unit Manager; C. SANTOS, Medical
Physician Assistant,

      Defendants - Appellees.

No. 02-1194
(D.C. No. 02-Z-248)
(D. Colorado)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Rickey Jerome Rogers challenges the decision of the district court

dismissing his *Bivens* action as frivolous. Mr. Rogers claims both that his due

process rights were violated and that he was subjected to cruel and unusual

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

punishment. On appeal, Mr. Rogers seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set out below, we deny the motion to proceed without prepayment of fees and dismiss the appeal.

Before we may grant Mr. Rogers' motion to proceed *in forma pauperis*, we must determine whether he is asserting nonfrivolous claims on appeal. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous if the plaintiff asserts the violation of a legal interest that does not exist, or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). It is important to note, of course, that where the petitioner is proceeding pro se, as Mr. Rogers is in this matter, the complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Rogers first asserts a violation of his due process rights, alleging that, without providing him with an opportunity to be heard, prison staff denied him recreation and gave him sack lunches instead of regular meals for a period of five days. Because the interest he asserts does not fall into the categories of either a life or a property interest, we presume Mr. Rogers seeks to assert a liberty interest. But the denial of recreation and substitution of sack lunches for five days does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" under the standard established in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), for conditions-of-confinement

claims. The facts Mr. Rogers alleges do not support an arguable due process claim.

Mr. Rogers also asserts a claim of cruel and unusual punishment based on the same facts. In order to succeed on his cruel and unusual punishment claim, Mr. Rogers must establish that the infringement of which he complains was sufficiently serious. He must show that the deprivations were extreme, such that he was denied a "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Again, the denial of recreation and substitution of sack lunches for five days simply does not rise to the severity required. The facts alleged by Mr. Rogers do not support an arguable claim for cruel and unusual punishment.

Therefore we **DENY** Mr. Rogers' motion for leave to proceed *in forma pauperis* and **DISMISS** this appeal. Furthermore, we **ORDER** Mr. Rogers to pay his unpaid balance due, and advise him that this constitutes a second strike pursuant to 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge